*E-FILED - 7/11/08*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY WILLIAMS,<br><br>    Plaintiff,<br><br>  v.<br><br>SHERIFF HENNESSEY, et al.,<br><br>    Defendants. | No. C 08-2197 RMW (PR)<br><br>ORDER OF DISMISSAL |

Plaintiff, proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 against officials of the San Francisco County Jail. He claims that he was improperly placed in administrative segregation, for which he seeks money damages. After reviewing the complaint pursuant to 28 U.S.C. § 1915A(a), the court will dismiss this action for failure to state a cognizable claim for relief.

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief

1 may be granted, or seek monetary relief from a defendant who is immune from such
2 relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v.
3 Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).
4        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) a person
5 was acting under the color of state law, and (2) the person committed a violation of a right
6 secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48
7 (1988).
8 B.    Plaintiff's Claim
9        Plaintiff claims that jail officials improperly placed him in administrative
10 segregation for 27 days, between March 6 and April 1, 2007.[1] According to the
11 attachments to the complaint, he was placed in administrative segregation because he
12 declined to participate in a drug recovery program. The jail officials' decision was based
13 on a minute order from the trial court that indicated that plaintiff's participation in such
14 program was mandatory, and not voluntary. On appeal, the California Court of Appeal
15 found that the minute order did not in fact correctly reflect the trial judge's oral ruling
16 from the bench, which was that plaintiff's participation in the program was voluntary, not
17 mandatory. The appellate court thus ordered correction of the minute order to indicate
18 that plaintiff's participation in the program be voluntary. However, such a ruling was
19 made after plaintiff had already been released from the jail and from administrative
20 segregation. Plaintiff now seeks money damages for the 27 days he spent in
21 administrative segregation.
22        Plaintiff's claim for relief fails for two reasons. First, liability may be imposed on
23 an individual defendant under section 1983 if the plaintiff can show that the defendant
24 proximately caused the deprivation of a federally protected right. See Leer v. Murphy,
25 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th

---

27,28     [1]This was during a prior stint in the county jail. According to the attachments to the complaint, plaintiff has since been released from and then returned to the county jail for some new, but unspecified, offense.

Order of Dismissal
G:\PRO-SE\SJ.Rmw\CR.08\Williams197dis.wpd       2

Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that proximately causes the deprivation of which the plaintiff complains. See Leer, 844 F.2d at 633. Here, the only allegations against the jail officials are that they placed plaintiff in administrative segregation based on a court order that stated plaintiff's participation in the drug recovery program was mandatory. There is nothing unlawful about jail officials following orders of the superior court. The fact that the court's minute order incorrectly reflected the trial judge's oral ruling is not attributable to any conduct by the jail officials. The minute order was not found to be incorrect until after plaintiff had already been released from jail, and there is no allegation or indication that jail officials knew or had any reason to know at the time plaintiff was in administrative segregation that the minute order was incorrect. Accordingly, jail officials cannot be said to have proximately caused plaintiff to be placed on administrative segregation improperly.

In any event, plaintiff's placement in administrative segregation, even if based on an incorrect court order, does not rise to the level of a constitutional violation. Placement in administrative segregation, without more, does not constitute cruel and unusual punishment in violation of the Eighth Amendment. Anderson v. County of Kern, 45 F.3d 1310, 1315-16 (9th Cir. 1995). The hardship associated with administrative segregation, such as loss of recreational and rehabilitative programs or confinement to one's cell for a lengthy period of time, is also not so severe as to violate the Due Process Clause itself, Toussaint v. McCarthy, 801 F.2d 1080, 1091-92 (9th Cir. 1986) . Moreover, placement in administrative segregation for a finite period of 27 days does not amount to a deprivation of "real substance" under Sandin v. Conner, 515 U.S. 472, 477-87 (1995), so as to implicate a state created liberty interest protected by due process. See, e.g., May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (mere placement in administrative segregation not enough to state claim after Sandin); Mujahid v. Meyer, 59 F.3d 931, 932 (9th Cir. 1995) (under Sandin no liberty interest when inmate placed in disciplinary

1 segregation for 14 days); Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995) (loss of mere
2 opportunity to earn good time credits because of placement in administrative segregation
3 does not create protected liberty interest); compare Wilkinson v. Austin, 545 U.S. 209,
4 223-25 (2005) (*indefinite* placement in "supermax" facility, where inmates are not
5 eligible for parole consideration, implicates state created liberty interest) (emphasis
6 added). As plaintiff's placement in administrative segregation does not implicate his
7 constitutional rights, his allegations fail to state a cognizable claim for relief under §
8 1983.

## CONCLUSION

Plaintiff's complaint is hereby DISMISSED for failure to state a cognizable claim for relief under 42 U.S.C. § 1983.

The clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: 7/7/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge